UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN HARRIS,

    Petitioner,

v.                                                    Case No. 5:10-cv-512-Oc-30TBS

WARDEN, FCC COLEMAN- LOW,

    Respondents.
_____/

## ORDER OF DISMISSAL

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, serving a sentence imposed by the United States District Court for the Southern District of Florida.[1] Respondent maintains the petition should be dismissed because Petitioner cannot show that he is entitled to review of his claims under the savings clause of §2255. (Doc. 5).

Discussion

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner was twice denied relief under 28 U.S.C. § 2255. Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears that the applicant has failed to

---

[1] United States of America v. Saldana, et al., case no. 1:95-cr-605. Petitioner's appeal in the criminal case is no longer pending. *See* Doc. 7.

apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). In Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first § 2255 motion</u>.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (*citing* Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to Wofford. To the extent Petitioner relies on Gilbert v. United States, 625 F3d 716 (11th Cir. 2010), the Eleventh Circuit Court of Appeals rendered an *en banc* opinion in Gilbert v. United States, 640 F.3d 1293, (May 19, 2011), in which it concluded, as have every other federal

2

circuit to consider the issue, that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." The Eleventh Circuit also concluded "that the Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514 (1992)] actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guideline range than would otherwise have applied[.]" In light of these conclusions, which unmistakably govern the disposition of the petition in this case, Petitioner is not entitled to habeas relief in this § 2241 proceeding.

## Conclusion

Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 1) is **DISMISSED with prejudice.** The Clerk is directed to terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on October 13, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

c: Steven J. Harris
   Counsel of Record

3